**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| | **:** | |
| **v.** | **:** | **CRIMINAL NUMBER 21-028-14** |
| | **:** | |
| | **:** | |
| **JOSEPH HACKETT** | **:** | |

**MOTION TO REVOKE DETENTION ORDER**
<u>**AND FOR PRETRIAL RELEASE**</u>

Defendant Joseph Hackett, by and through his undersigned attorney, moves the Court,

pursuant to 18 U.S.C. §§ 3142(e) and 3145(b), to revoke the Magistrate Judge's order of

detention and issue an order authorizing pretrial release with location monitoring and any other

conditions deemed appropriate by the Court.  Mr. Hackett is not a flight risk, he is not a risk of

danger to his community, and he can rebut the presumption of detention.  GPS monitoring, along

with other strict conditions of release, will reasonably assure Mr. Hackett's future appearances

before this Court and the safety of other persons and the community.

**I.      PROCEDURAL HISTORY**

On May 26, 2021, the government filed an indictment against Mr. Hackett,

charging him with several offenses related to the breach of the Capitol on January 6, 2021.  The

indictment charges Mr. Hackett with conspiracy, in violation of 18 U.S.C. § 371 (Count One);

obstruction of an official proceeding and aiding and abetting, in violation of 18 U.S.C. §§

1512(c)(2), 2 (Count Two); destruction of government property and aiding and abetting, in

violation of 18 U.S.C. §§ 1361, 2 (Count Three); and entering and remaining in a restricted

building or grounds, in violation of 18 U.S.C. § 1752(a)(1).

Mr. Hackett was subsequently arrested in Sarasota, Florida on May 28, 2021, and the government orally moved for pretrial detention on the same date.  On May 28, 2021, Middle District of Florida Magistrate Judge Sean P. Flynn issued an order granting the government's oral motion for detention.[3]

## II.    DISCUSSION

Mr. Hackett seeks revocation of the detention order issued by Magistrate Judge Flynn.  "If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."  18 U.S.C. § 3145(b); *see also United States v. Hassanshahi*, 989 F. Supp.2d 110, 113 (D.D.C. 2013) ("Authority to review the release order lies with the district judge.").  The district court judge reviews the magistrate judge's detention order *de novo*.  *Id*.; *see also Klein*, 2021 WL 1377128, at *3 ("Although the D.C. Circuit has not ruled on the matter, every circuit to consider the issue has found that a magistrate judge's detention order is subject to *de novo* review.").

Utilizing the "default rule favoring liberty," Mr. Hackett should be released pre-trial. *United States v. Cua*, No. CR 21-107, 2012 WL 918255, at *8 (D.D.C. Mar. 10, 2021) (granting defendant's release to custody of parents in insurrection case involving, among other charges, assault with dangerous weapon).   Indeed, "'[o]ur system of criminal justice embraces a strong presumption against detention.'" *Hassanshahi*, 989 F. Supp.2d at 113 (quoting *United States v. Hanson*, 613 F.Supp.2d 85, 87 (D.D.C. 2009)).  "'In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.'" *Id.* (quoting *United States v.*

---

[3] Magistrate Judge Flynn found that "[t]here is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed . . . [a Federal crime of terrorism]."  Order of Detention Pending Trial of 5/28/21. Although Magistrate Judge Flynn found that Mr. Hackett had "presented evidence sufficient to rebut the presumption," the court determined that, after considering "the presumption and . . . other factors[,]" detention was "warranted."  *Id.*

*Salerno*, 481 U.S.739, 755 (1987)).  In light of these guiding principles, Mr. Hackett should be

released pending trial because there is no serious risk that he will obstruct justice, nor is he a

flight risk or danger to the community.  Mr. Hackett respectfully submits that he can rebut the

presumption of detention, and, therefore, the Bail Reform Act requires release in this case

because "there are conditions of release that will reasonably assure [his] appearance and the

safety of any other person and the community . . . ."  18 U.S.C. § 3142(f) and (g).

> ### A.  Mr. Hackett Cannot Be Detained on Obstruction of Justice Grounds Because the Government Cannot Present Evidence That There Is a Serious Risk That He Will Obstruct or Attempt to Obstruct Justice.

Mr. Hackett should not be detained on obstruction grounds because the government cannot meet

its burden to demonstrate that there is a *serious* risk that he is likely to commit obstruction

offenses if released from detention.  The Bail Reform Act requires the Court to hold a detention

hearing upon motion of the government where the case involves "a serious risk that such person

will obstruct or attempt to obstruct justice, or threaten, injure or intimidate, or attempt to threaten

or intimidate a prospective witness or juror."  18 U.S.C. § 3142(f)(2)(B).  The mere fact that Mr.

Hackett has been charged with obstruction of an official proceeding cannot serve as the sole

basis for detention on obstruction grounds.  Indeed, "[t]here is not a *per se* rule that an

obstruction of justice charge warrants detention."  *United States v. Omar*, No. 3:10-CR-00260.

2011 WL 902487, at *15 (M.D. Tenn. Mar. 15, 2011) (citation omitted); *see also United States*

*v. Demmler*, 523 F. Supp.2d 677, 683 (S.D. Ohio 2007) ("[T]he Court will not assume that just

because [defendant] has been charged with . . . obstruction of justice, he is likely to commit these

same offenses again during the course of these proceedings.  Indulging in such an assumption

would be tantamount to creating a *per se* rule of detention in cases involving . . . obstruction[.]").

Absent the obstruction charge against Mr. Hackett in the instant matter, there is no adequate reason to detain him on obstruction grounds.

### B.  The Government Cannot Prove by a Preponderance of the Evidence That Mr. Hackett Poses a Serious Risk of Flight.

There is no serious risk that Mr. Hackett will flee if released on bail.  One basis Magistrate Judge Flynn relied upon for detention was that the weight against Mr. Hackett is strong.  Order of Detention Pending Trial of 5/28/21. "In evaluating the likelihood of flight, the potential penalty has merit, but . . . the stability of [defendant's] relationship to the community" is much more persuasive.  *White v. United States*, 412 F.2d 145, 147 (D.C. Cir. 1968). The preponderance of evidence in this case establishes that Mr. Hackett does not pose a risk of flight or nonappearance.  *See United States v. Xulam*, 84 F.3d  441, 442 (D.C. Cir. 1996) ("[W]hen the government seeks pretrial detention of an individual on the ground that he poses a risk of flight, the standard it must satisfy is a 'preponderance of evidence.'" (citation omitted)). Mr. Hackett's family and livelihood are in Florida; his strong ties and significant community support in Florida, combined with electronic monitoring, are more than sufficient to reasonably ensure Mr. Hackett's appearance at court. In light of Mr. Hackett's strong ties to the Middle District of Florida, and lack of serious risk of flight, detention on the basis of likelihood to flee is not warranted.

### C.  The Government Cannot Prove By Clear and Convincing Evidence That Mr. Hackett Presents an Identified and Articulable Threat to an Individual or the Community.

Outside of the unique set of circumstances that drew Mr. Hackett to Washington, D.C. on January 6th, he does not present any specific and identifiable threat to any individual or his community.  "To justify detention . . . [based on] dangerousness, the government must prove by 'clear and convincing evidence' that 'no condition or combination of conditions will reasonably

assure the safety of any other person in the community." *United States v. Munchel*, 991 F.3d
1273, 1279-80 (D.C. Cir. 2021) (citations omitted); *see also* 18 U.S.C. § 3142(f).  In assessing
whether Mr. Hackett must be detained on the basis of dangerousness, the Court considers the
following factors: "(1) the nature and circumstances of the offense charged . . .; (2) the weight of
the evidence against the person; (3) the history and characteristics of the person . . .; and (4) the
nature and seriousness of the danger to any person or the community that would be posed by the
person's release."  18 U.S.C. § 3142(g).  On balance, weighing these factors against the
backdrop of the notion that "[i]n our society liberty is the norm, and detention prior to trial or
without trial is the carefully limited exception[,]" Mr. Hackett does not pose a "concrete,
prospective threat to public safety."  *Munchel*, 991 F.3d at 1279, 1280.

### 1.   Nature and circumstances of the offense charged.

In determining whether to grant pretrial release to co-defendant, Jessica M. Watkins, the
Court determined that being charged with a violation of 18 U.S.C. § 1361 creates a rebuttable
presumption of detention under the Bail Reform Act, pursuant to 18 U.S.C. § 3142(f)(1)(A).  Mr.
Hackett is charged in count three with an alleged violation of section 1361, but none of the
remaining charges pending against him trigger a rebuttable presumption.  Count three of the
indictment charges that Mr. Hackett "attempted to, and did, willfully injure and commit
depredation against property of the United States, that is, the United States Capitol building,
thereby causing or attempting to cause damage that exceeded $1,000 . . . ."  Indictment at ¶¶ 167-
168.  However, the bare fact that Mr. Hackett is charged with depredation of government
property does not weigh in favor of continued detention under the circumstances.

At count three, the government specifically cites to conduct previously alleged in prior
paragraphs 134-137 and 142-145 of the Fourth Superseding Indictment.  Paragraphs 134-137

reference an alleged "stack" that breached the capitol doors and entered the building.  Although paragraph 134 references thrown objects and chemical spray, there is no allegation that property damage occurred as a result, and there is no indication that Mr. Hackett personally engaged in such conduct or took any steps to facilitate conduct that caused property damage.  Likewise, there is no indication that Mr. Hackett had any leadership or authority role once inside the capitol building.  Paragraphs 142 – 145 of the Fourth Superseding Indictment allege that some of Mr. Hackett's co-defendants attempted to enter the Sentate wing of the capitol building, but he was not among them.

### 2.   *Weight of the evidence against Mr. Hackett.*

The weight of the evidence as to count three - the only charge that triggers a rebuttable presumption of detention – is not overwhelming or particularly strong.  There may be ample video and cell phone evidence in this case, but that evidence is weak as it pertains to proving that Mr. Hackett – personally or through aiding and abetting liability – caused more than $1,000.00 of government property damage on January 6, 2021.

Even where there is "overwhelming evidence of guilt," it does not amount to "clear and convincing evidence that no conditions of release can reasonably assure the safety of the community."  *United States v. Taylor*, 289 F. Supp.3d 55, 66 (D.D.C. 2018) (instructing court must "review the weight of the evidence against the defendant as an indicia of whether any conditions of pretrial release will reasonably assure the safety of the community").

### 3.   *History and characteristics of Mr. Hackett.*

In considering the history and characteristics of Mr. Hackett, the Court must take into account "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history

relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings . . . ." 18 U.S.C. § 3142(g)(3)(A).   Mr. Hackett is a hard-working, family oriented person who, until 2020, was never politically active or motivated.  He has strong ties to his community and will abide by all terms and conditions of supervision.

The mere fact that Mr. Hackett has been charged for his actions on January 6th cannot serve to undermine his history and characteristics.  Such an approach would amount to a *per se* rule that all actors involved on January 6th should be detained.  The release of some of his co-defendants, and many others charged with similar or more serious offenses in other cases, demonstrates that no such rule exists.

4. *Nature and seriousness posed by Mr. Hackett's release.*

The final factor to consider is the "nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(4).  When analyzing the nature and seriousness posed by Mr. Hackett's release, the Court must consider whether the government has "proved by clear and convincing evidence that an arrestee *presents an identified and articulable threat* to an individual or the community . . . ." *Munchel*, 991 F.3d at 1280.  Indeed, the point of detention is to "disable the arrestee *from executing that threat*." *Id.* (quotation omitted).

The Court also must consider the threat in context.  *Id*. at 1283.  Here, when viewed in context, the only threat arguably presented by Mr. Hackett is limited to the particular circumstances that transpired on January 6th.  *See id*.  At most, one could assume *arguendo* that Mr. Hackett might pose a danger to, say, attempt to stop an act of Congress in the future, but this danger would require the same set of unique circumstances that occurred on January 6, 2021 – rally, protest, Congressional tally of votes – to take place again at some point in the future.  This

is simply too speculative a basis to make a specific finding of danger to any person or the community.

There is no clear and convincing evidence that Mr. Hackett poses a specific danger to law enforcement if released.  When considering the danger posed by a person's release, it absolutely is appropriate to consider whether the individual will "engage in the *same kinds* of inherently dangerous and illegal activities" at issue in the particular case.  *United States v. Wiggins*, -- F. Supp.3d --, 2020 WL 1868891, at *8 (D.D.C. Apr. 10, 2020) (holding defendant did not show by clear and convincing evidence that if he were released he would not engaged in the same kinds of dangerous activities) (emphasis added); *see also United States v. Lee*, 451 F. Supp.3d 1, 7-8 (D.D.C. 2020) (concluding the danger posed by the person's release is the "risk that he will continue to engage in the *same types* of unlawful and potentially dangerous conduct") (emphasis added)).

Here, there is no danger that Mr. Hackett will engage in the same type of conduct in which he engaged on January 6th.  Considering his "resources and capabilities," *Munchel*, 991 F.3d at 1283, absent a coordinated political rally for a unique purpose, Mr. Hackett poses no danger to his community.

Viewing the nature and seriousness of the danger in context, it is clear that he poses no danger to his community if released on strict conditions.  If, however, the Court considers the risk of danger in this case to be a close call, the decision regarding release should be "guided by the default rule favoring liberty."  *Cua*, 2021 WL 918255, at *8.

## III.    CONCLUSION

For the foregoing reasons, defendant Joseph Hackett, respectfully requests the

Court grant the instant motion and revoke the Magistrate Court's order of detention and issue an order for pretrial release.

Respectfully submitted,


*/s/ Angela Halim*
ANGELA HALIM
Assistant Federal Defender

## **CERTIFICATE OF SERVICE**

I, Angela Halim, Assistant Federal Defender, Federal Community Defender  Office for the Eastern District of Pennsylvania, hereby certify that I caused a copy of the Defendant's Motion to Revoke Detention Order and for Pretrial Release to be filed and served electronically through the District of Columbia District Clerk's Office Electronic Case Filing upon Assistant United States Attorneys Jeffrey S. Nestler and  Kathryn Leigh Rakoczy, United States Attorney's Office, 555 4th St., NW, Washington, DC 20530.

/s/ Angela Halim
ANGELA HALIM
Assistant Federal Defender

DATE: August 9, 2021